Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 948 | **DATE** | 6/15/2011 |
| **CASE TITLE** | Adams vs. McGraff | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint is dismissed without prejudice to Plaintiff amending with respect to his claims against Defendant McGraff. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied with leave to renew once he has submitted an acceptable complaint and Defendant has filed a responsive pleading.

■[ For further details see text below.]    Docketing to mail notices. Notices mailed by Judicial staff.

# STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant McGraff violated his constitutional rights. On April 13, 2011, the Court ordered Plaintiff to submit an amended complaint, dismissing two Defendants for failure to state a claim and requesting that Plaintiff clarify the allegations he was making against Defendant McGraff. It was unclear from Plaintiff's original complaint whether Plaintiff was alleging that Defendant McGraff was acting pursuant to his state employment.

Plaintiff's amended complaint fares no better, and raises additional pleading issues. Plaintiff alleges that on May 26, 2010, events occurred surrounding the death of a person named "Clara," with whom Plaintiff apparently shared an apartment. As Plaintiff states, he was arrested and charged with Clara's murder in October 2010 and remains in custody on that charge.

Plaintiff alleges that on the night that Clara died and prior to the arrival on the scene of the Chicago Fire and Police Departments, members of Clara's family removed some medication and some of Plaintiff's property from the apartment that Plaintiff and Clara shared. According to the complaint, the medication belonged to Clara's mother (Ms. Bobby L. Lloyd), although Plaintiff alleges that Clara herself took the medication at some time before her death. Plaintiff states that once the officers arrived, Plaintiff's sister called to the officers' attention that Mrs. Lloyd had removed the medications from the apartment. Mrs. Lloyd then produced the medications after being questioned about them by the police officers. Plaintiff further notes that there were other things that his sister showed the Chicago Police that make a difference in his case and that Detective McGraff "may or may not" have let others take from the apartment.

Although Plaintiff alleges that Defendant McGraff violated Plaintiff's First, Fourth, Fifth, Sixth, Ninth, and

## STATEMENT

Fourteenth Amendment rights, the only allegations relating to Defendant McGraff are that equivocal statement that he "may or may not" have let people clear out Plaintiff's apartment, that he released Plaintiff from custody the same night, and that he told Plaintiff to let "Clara's people" have the apartment that night. In addition, although Plaintiff's complaint appears to focus on the possibility that items critical to his defense were removed from the apartment on the night in question, apart from the medications – which Plaintiff alleges were called to the attention of officers on the scene – Plaintiff does not identify any specific item that was taken from the house or who specifically took the items. To the extent that Plaintiff is alleging that if the police had sufficient evidence in May and June of 2010, then they should have arrested him then, instead of waiting until October of 2010, it is unclear how Plaintiff believes that such an allegation states a cause of action or how it relates to Defendant McGraff.

The upshot is that, as currently pled, Plaintiff's allegations against Defendant McGraff do not provide adequate notice to McGraff of the basis for any claim under § 1983. Simply put, it remains unclear from Plaintiff's amended complaint how Plaintiff believes his rights were violated by Defendant McGraff, and thus the complaint must be dismissed. However, the dismissal is without prejudice; the Court will give Plaintiff another opportunity to clarify his allegations against Defendant McGraff. Plaintiff may amend his complaint to the extent that he can state a cause of action against Defendant McGraff. Plaintiff must make a "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). Although Plaintiff need not set forth a detailed factual predicate, he must provide enough detail to give "fair notice" of the basis for his claims and his "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555. Plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports Plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556.

The Court further notes that Plaintiff's state criminal proceedings appear to be ongoing. Any alleged unconstitutional conduct that relates to Plaintiff's criminal case also may be litigated in state court. It also bears mentioning that a federal court may not interfere with state criminal proceedings, and abstention is appropriate when a plaintiff invokes federal jurisdiction for the purpose of restraining or otherwise interfering with state criminal proceedings. See *Younger v. Harris*, 401 U.S. at 53; *Douglas v City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995). Even if his state court criminal proceedings were complete, any relief to which Plaintiff might be entitled would be through a petition for a writ of habeas corpus, and not a § 1983 action – assuming he can meet the requirements of 28 U.S.C. § 2254. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Whitlock v. Johnson*, 153 F3d 380, 389 (7th Cir. 1998). The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497,500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.*

Plaintiff is granted thirty days in which to submit an amended complaint against Defendant McGraff. Plaintiff should amend his complaint against Defendant McGraff only to the extent that, consistent with his obligations under Fed. R. Civ. P. 11(a), he can make an allegation that Defendant McGraff acted under color of state law and violated Plaintiff's rights that are protected by § 1983.

If Plaintiff submits an amended complaint, Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each

| STATEMENT |
|---|
| Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed. However, Plaintiff will still be responsible for paying the filing fee.<br><br>The Court denies Plaintiff's motion for appointment of counsel, without prejudice to later renewal. Civil litigants do not have a constitutional or statutory right to counsel. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own, and neither the legal issues raised in the complaint, nor the evidence that might support Plaintiff's claims appear at this point to be so complex or intricate that a trained attorney appears to be necessary. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, once he has submitted an acceptable complaint and any Defendant(s) have responded to the complaint.<br><br>*/s/ [signature]* |