Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0948 | **DATE** | July 29, 2011 |
| **CASE TITLE** | Anthony Adams (#2010-1010121) v. Dan McGraff, et al. | | |

**DOCKET ENTRY TEXT:**

The Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915A. Dismissal is without prejudice to Plaintiff pursuing his claims in state court.

■[**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Pursuant to the Court's order of June 15, 2011, Plaintiff has submitted his second amended complaint. Plaintiff alleges that Chicago Police Officer McGraff gave the family of his deceased roommate, Clara, permission to enter the apartment he shared with her. He further alleges that Clara's family took his possessions and broke his lease with Maat Properties, LLC. Plaintiff alleges that Officer McGraff allowed Clara's family to enter his apartment and did nothing when they removed his property.

Plaintiff's allegations fail to state a claim sufficient to survive review under 28 U.S.C. § 1915A because Clara's family members are not state actors, as required under § 1983, there is no discernable federal question, and no basis for diversity jurisdiction.

To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. See *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the Court in which a defendant may be found to act under color of state law. First, when the state has cloaked the defendant in some degree of authority, normally through employment or some other agency relationship. See *Case*, 327 F.3d at 567. The second, when the defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. See *id*.

On review of Plaintiff's second amended complaint, it becomes clear that he does not allege any constitutional tort against Defendant McGraff. His allegation with respect to Defendant McGraff is that McGraff failed to investigate the actions of Clara's family members. Plaintiff does not have a constitutional right to have the police investigate an allegation of illegal conduct of another individual citizen. See *Johnson v. City of Evanston, Ill.*, 250 F.3d 560, 563 (7th Cir. 2001). Nor does Plaintiff allege that Clara's family members were cloaked with some degree of state authority or that there was some type of conspiracy between them and state officials involving the theft of his property, or the breaking of his lease. Nor can such a conclusion be drawn

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

inferentially from Plaintiff's allegations. Consequently, Plaintiff has failed to state a cause of action under § 1983 against any Defendant, and his claims are dismissed.

While the Court is required to construe the *pro se* complaint liberally, the Court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute. According to federal statute, federal district courts have jurisdiction over civil actions arising under the Constitution, or federal statute or treaty. See 28 U.S.C. § 1331. None is implicated here. Plaintiff describes a series of potential state law claims (conversion, interference with contract, trespass, interference with property rights), none of which rise to the level of a constitutional tort. Additionally, there is no diversity of citizenship between the parties. See 28 U.S.C. § 1332. As the Court lacks subject matter jurisdiction over Plaintiff's claims, this matter is dismissed and the case is terminated. Dismissal is without prejudice to Plaintiff pursuing his claims, to the extent that he is able to, in state court.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate a "strike" under 28 U.S.C. § 1915(g).